## JOHNSON v. HEMSELL et al.

### No. 4939.

Court of Civil Appeals of Texas. Texarkana.

Feb. 27, 1936.

Neyland & Neyland, of Greenville, for appellant.

Thos. W. Thompson, of Greenville, for appellees.

HALL, Justice.

This suit was instituted in the justice court for precinct No. 6, Hunt county, by appellees to recover $150 as commission for procuring a purchaser for a tract of land owned by appellant. Appellees filed in the

justice court their sworn account as follows:

"Commerce, Texas, March 27, 1934.
"H. R. Johnson
"To D. L. Hemsell and W. R. Reaves, Dr.
"To commissions due them on a proposed sale by them to Eli Miller of Commerce, Texas, about January 25, 1934, said Miller being ready, able and willing to pay the sum of $3,000.00 for said land and the said Johnson declining to close the deal after said buyer had put up his check for same. Said sale having been made by said Hemsell and Reaves, after said land had been listed with them, and sold at the request of said Johnson, said commissions being five per cent on $3,000.00, the total price of said land.

$150.00

"We, the undersigned, being duly sworn upon oath say that the above account against H. R. Johnson for the sum of $150.00 is within the knowledge of each, just, true, correct, due and unpaid, and that all just and lawful offsets, payments and credits have been made and allowed.
"D. L. Hemsell,
"W. R. Reaves.
"Subscribed and sworn to before me, this the 27 day of March, 1934.
"No [Seal.]    L. E. Fuller, J. P. &
Ex-officio Notary Public, Hunt Co., Tex."

The nature of plaintiff's demand as set out in this citation issued out of said justice court was substantially the same as their sworn account. Judgment was rendered in the justice court for the appellees for $150, the amount sued for. Appellant appealed the case to the county court of Hunt county where the verdict of the jury and the judgment of the court were also favorable to appellees. From this latter judgment appellant prosecutes his appeal to this court.

■ Appellant contends the trial court erred in permitting plaintiff Hemsell to testify over his objection: "That defendant (appellant) said that he wanted $2,850.00 net to him, and that he told the defendant (appellant) that he would price the land at $3,000.00, and if he sold it at $3,000.00, could he have $150.00, the defendant (appellant) said he could." Because, among other things, "it was contrary to the pleadings and did not tend to prove the contract as alleged." The contention is also made that the court erred in allowing one Eli Miller,

whom appellees claimed was the person able and willing to purchase the land, to testify over objection of appellant that the appellees told him substantially the statement quoted above.

In our opinion these assignments present error. From the sworn account set out above and the nature of plaintiffs' demand in their citation, it appears that appellees' suit was on the express contract to the effect that appellant would pay to appellees 5 per cent. of the sale price, $3,000, as a commission to sell appellant's farm. The evidence complained of did not establish the contract declared upon. On the contrary, it established a different contract which did not find support in the pleadings. Haile v. Keller (Tex.Civ.App.) 163 S.W. 393.

■ A similar complaint is made in respect to the issue No. 1 submitted to the jury, which issue was based upon the evidence introduced over appellant's objection, and not upon the contract declared upon in appellees' sworn account. This was error, because the issues should have conformed to the pleadings.

Therefore, the judgment of the trial court is reversed, and the cause remanded.